UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:13-cr-00026-JMS-CMM-1 |
| vs. | ) | |
| | ) | |
| EMERY NORTON, | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDATION**

On January 23, 2023, the Court held a final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on October 19, 2022 [Dkt. 54] Emery Norton ("Defendant") appeared with FCD counsel, Joseph Cleary. The Government appeared by Kristina Korobov, Assistant United States Attorney. U. S. Probation appeared by Officer James Thomas.

The Court previously conducted an initial appearance on the Petition on October 25, 2022, Docket No. [62].

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit Violation Numbers 1, 2 and 3 of petition Docket No. [54]. The parties also concurred that the Defendant should be sentenced to a term of imprisonment of the maximum allowed under statutory guidelines, i.e., 24 months.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court previously had advised Defendant of his rights and provided him with a copy of the petition during the October 25, 2022, appearance. Defendant waived his right to a preliminary hearing at that time and the Court found probable cause to proceed on the Petition.

2. The defendant was advised on October 25, 2022 and January 23, 2023, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violations No. 1, 2, and 3. Docket No. [54].

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | "The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer." |
|  | On September 27, 2022, Mr. Norton was found in possession of an Internet-enabled device, which was confiscated by staff at the residential reentry center. On September 28, 2022, he was questioned and admitted to the probation officer he purchased the device approximately three to four months prior. The offender did not have permission to possess this device as it was not disclosed to the probation officer and was not being monitored. Mr. Norton |

        admits to using the device to intentionally, willfully, and knowingly conceal his viewing and possession of child pornography.

2. "The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."

   On September 28, 2022, Mr. Norton admitted to the probation officer he viewed child pornography on an undisclosed Internet-enabled device. Specifically, he downloaded it onto his cellular telephone from the TOR browser, and later deleted it.

3. "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."

   On September 28, 2022, Mr. Norton admitted to communicating with another convicted felon residing in a residential reentry center in South Carolina. Additionally, he admitted to sending and receiving child pornography to the same individual.

   .

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade **B** violation.

   (b) Defendant's criminal history category is **III**.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **8-14** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

   (a) The Defendant violated the supervised release condition as alleged in Violation #1, #2 and #3;

   (b) The Magistrate Judge recommends that the defendant be sentenced to the

3

custody of the U.S. Bureau of Prisons for a period of 24 months, and further recommends placement at Milan Michigan FCI (per Defendant's request).  Consistent with the parties' agreement, the extension of the previously ordered supervised release to follow;

(c) Given the serious violations admitted after such a relatively short time on supervised release and conduct consistent with the underlying conviction for which the Defendant served an extended prison sentence, it would seem the maximum sentence available under the sentencing guidelines is appropriate (as both parties agreed and submitted);

(d) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated:  January 23, 2022

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system